UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ZACHARY VASQUEZ (2),<br>   aka "Cholo",<br>   aka "ChloV",<br>   aka "CHL",<br>   aka "CHLV",<br><br>    Defendant. | Case No. 17CR0648-JM GPC<br><br>JOINT STIPULATION AND MOTION FOR A PROTECTIVE ORDER |

The parties, UNITED STATES OF AMERICA, by and through its counsel Alana W. Robinson, Acting United States Attorney, and Lawrence A. Casper, Assistant U.S. Attorney, and the defendant, through their defense counsel, hereby jointly move, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, for this Court to enter a protective order to: (1) prevent premature and unwarranted disclosure of evidence to potential targets, subjects, witnesses, and unrelated third parties, and (2) limit the use of the line sheets and any draft transcripts of Court authorized wire and electronic intercepts (collectively "wiretaps").

1

The parties jointly move and agree that the defendant, their counsel of record, and their paralegals, law clerks, secretaries, experts, investigators, assistants, office personnel and employees shall not disclose the substance of any discovery material received from the Government in the above-captioned matter, including all wiretap documents, to any third party, unless such material is already a matter of public record, without prior approval of this Court.

The parties further move and agree that the United States Attorney and the Assistant United States Attorneys assigned to this case (hereafter collectively referred to as "the Government") and their assistants, the defendant, their counsel and their assistants, shall not disclose the substance of any discovery material produced to the defendant or obtained by the Government from the defendant, unless such material is already a matter of public record, to any third party not involved in any way in the investigation or prosecution of the case.

The parties further move and agree that nothing contained herein shall prevent the Government, or any defendant or their counsel, from disclosing such discovery material to any other attorneys working for the Government, the defendant or their counsel, government agents (federal, state or local), paralegals, law clerks, secretaries, experts, investigators, assistants, office personnel, employees, and any other person who is working for the Government or the defendant and their counsel (collectively referred to as "assistants") in the investigation or preparation of this case or, with respect to

the Government and its assistants only, in other criminal investigations, without prior court order. Further, nothing contained herein shall preclude the Government, defendant or their counsel, or their respective assistants, from conducting an investigation of the facts of this case on behalf of the Government or said defendant, or with respect to the Government and its assistants only, from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by said discovery materials, or from taking statements from witnesses disclosed by said discovery materials, or from asking said witnesses if they themselves have made prior statements to the Government that are disclosed in the discovery materials, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the Government, the defendant, or their counsel, or their respective assistants, obtain prior permission of this Court.

It is the position of the Government that line sheets and draft wiretap transcripts are not final reports or documents and are not discoverable items under Rule 16 of the Federal Rules of Criminal Procedure or the Jencks Act. The Government, however, is willing under the conditions laid out in this motion, to provide these materials to the defense in order to aid the defendant in reviewing wiretap evidence obtained during this investigation. Accordingly, the parties agree that the wiretap line sheets and draft transcripts will only be used to assist counsel in preparing for trial and related proceedings and will not be used for any other purpose. The

3

parties further move and agree that the line sheets will not be used: (1) in connection with any motion challenging the wiretaps; (2) to examine or cross examine any witness; (3) to impeach the credibility of any witness; (4) to refresh the recollection of any witness; and/or (5) as trial exhibits. Further, the parties agree that the line sheets and the draft transcripts and/or their contents will not be copied, distributed or otherwise communicated to anyone other than those who work directly under the supervision of counsel.

    The parties jointly move and agree that, should counsel withdraw or be disqualified from participation in this case, any material received and any copies derived therefrom, shall be returned to the Government within 10 days. Further, the parties agree that the line sheets and draft transcripts are the property of the United States Attorney and must be returned to the Government upon demand, completion of the case, or upon the termination of counsel's representation as set forth above.

//
//
//
//
//
//
//
//

Finally, the parties jointly move and agree that each counsel shall be required to communicate the substance of the Court's order on this motion and explain it to their clients and assistants before disclosing the substance of the discovery to their clients or assistants.

Respectfully submitted,

ALANA W. ROBINSON
Acting United States Attorney

Dated: 9/13/17

LAWRENCE A. CASPER
Assistant U.S. Attorney

Dated: 9/12/17

Ezekiel Cortez
Attorney for ZACHARY VASQUEZ