EZEKIEL E. CORTEZ (SBN 112808)
JOSHI A. VALENTINE (SBN 277185)
Law Office of Ezekiel E. Cortez
550 West C Street, Suite 790
San Diego, CA 92101
T: (619) 237-0309 | F: (619) 237-8052
lawforjustice@gmail.com
valentineforjustice@gmail.com
*Attorneys for Zachary Vasquez*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(THE HONORABLE GONZALO P. CURIEL)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>    vs.<br><br>ZACHARY VASQUEZ,<br>                   Defendant. | Case No. 17CR0648-GPC<br><br>**POINTS & AUTHORITIES IN SUPPORT OF MOTIONS:**<br>   (1) **TO DISMISS;**<br>   (2) **FOR BILL OF PARTICULARS; AND**<br>   (3) **FOR MEANINGFUL DISCOVERY PURSUANT TO *BRADY/GIGLIO,* RULES 7(f) AND 16, AND THE DUE PROCESS, EFFECTIVE ASSISTANCE, AND COMPULSORY PROCESS CLAUSES OF THE 5TH AND 6TH AMENDMENTS**<br><br>Date: October 13, 2017<br>Time: 11:00 a.m. |

//

//

- 1 -

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC

# I.
# STATEMENT OF FACTS

### A. Proceedings Relative to Mr. Vasquez

On August 30, 2017, Zachary Vasquez was arrested outside of his home in the Central District on an arrest warrant issued in this case. After being arraigned and ordered detained in the Central District for one week, Mr. Vasquez was transferred to the Southern District to face charges stemming from the heavily redacted First Superseding Indictment. The indictment lists two counts, but references three counts. The third count referenced is redacted, as are most of the facts and all of the alleged co-conspirators' names and acts.

On September 7, 2017, Mr. Vasquez made his initial appearance in this District before Magistrate Judge Major, he was arraigned on the highly-redacted First Superseding Indictment, and he pleaded not guilty. He was then set for a detention hearing for September 12, 2017 and for a Motion Hearing and Trial Setting (MH/TS) only one month thereafter, on October 13, 2017 before Judge Miller. The case was later reassigned to this Court and the same MH/TS date was confirmed.

At the September 12, 2017 detention hearing, the Government aggressively argued for detention on the higher standard of danger to the community. To support its request for detention, the Government proffered numerous, broad new facts about the conspiracy into which Mr. Vasquez has been indicted, including allegations about

- 2 -

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC

drug importation by unnamed "others"; cocaine quantities in hundreds of kilograms; heavy duty artillery, including grenade launchers and other high-power firearms; and unspecified criminal activity in the Chicago area of Illinois. *See,* Transcript of Detention Hearing, attached here as Exhibit A. As the Court can take judicial notice, the First Superseding Indictment is devoid of any of these broad allegations.

When arraigned and when the motions hearing date was set for October 13, 2017, Mr. Vasquez was the only defendant whose name appeared in the indictment. The caption contained what appeared to be the names of seven other individuals who are under the same indictment, though each name and related moniker was redacted. Since then, the name of the main defendant – Walter Rovidio Ipina – was un-redacted. Counsel for Mr. Ipina has filed a discovery motion.

Notably, at least one of the charges is also redacted. In addition to the general conspiracy count, the indictment alleges a single substantive count against Mr. Vasquez and another individual, whose name is redacted – importation of over 32 kilograms of cocaine. Yet the caption contains another, redacted charge that applies to Mr. Vasquez either directly as a redacted substantive count, or indirectly, as an allegedly foreseeable act of one of his unknown, unnamed co-conspirators.

Based on the heavy redaction and vague allegations with sparse factual assertions in the indictment, Mr. Vasquez knows only in the most general, generic, nonspecific, and vague way what charges he faces. He has no adequate notice of the

- 3 -

persons with whom he allegedly conspired, nor of the specific crimes he allegedly conspired to commit with them. Nor does he know with whom he allegedly conspired to commit importing drugs, or any other, unknown, unnamed crime.

The practical, real result of this vague prosecution is that Mr. Vasquez is currently precluded to initiate meaningful investigation and is unable to prepare an effective defense because the Government has hidden the charges, the identity of the co-conspirators, and significant facts that are necessary to sufficiently notify him of the charges he faces and the facts allegedly supporting the broad charges. For very real practical purposes, his Speedy Trial right is meaningless, given his inability to begin identification and preparation of a defense or even substantive motions, other than the instant Motion to Dismiss and for a Bill of Particulars.

### B. The Limited Extent of the Discovery Provided to Date

On or about September 29, 2017, the Government tactically provided "focused," transparently insufficient, discovery. The extent of that discovery is largely comprised of the already publicly available Complaint and Probable Cause Statement of Facts relative to the arrest on ***April 27, 2016*** of Antonio Chavez at the San Ysidro POE. Mr. Chavez was arrested after agents discovered ***6.32*** kilograms of cocaine secreted in the center console between the front seats of his ***2010 Camaro***. These documents provide absolutely nothing that explicitly relates to Mr. Vasquez ***and are factually misleading***. See discussion below.

- 4 -

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC

The Complaint and sworn PC Statement were filed on *April 28, 2016* with Magistrate Judge Burkhardt by AUSA Shital H. Thakkar.

The Complaint and PC Statement are ***factually misleading*** because they specifically allege that on *April 27, 2016* at approximately 5:32 pm, CBPO J. Gomez conducted the primary inspection of Mr. Chavez at the San Ysidro POE. CBPO Gomez, for unspecified reasons, sent Mr. Chavez to secondary inspection where CBPO K. Leung took over and he "requested CBPO L. Lee have her Narcotics Detection Canine sniff the vehicle." That apparently capable Canine alerted, but interestingly, alerted *only to one area*: the center console where the shift lever is housed in that *2010* Camaro. See below about what that first canine allegedly completely missed after it "sniff[ed] the [entire] vehicle."

Officer Leung then inspected the center console and discovered the 6.32 kilograms.

The PC Statement then alleges under oath that "At approximately ***11:06 pm***, Homeland Security Investigations Task Force Officer K. Steel and Special Agent K. Hart interviewed Chavez." Page 2, lines 6-8 (emphasis added). Mr. Chavez waived his *Miranda* rights and agreed to speak to the agents. But according to a portion of the PS Statement – which abruptly ends mid-page at page 3 – Mr. Chavez gave a detailed story in which he did not confess to knowledge of the cocaine. Significantly, Chavez did not admit to any drug conspiracy either.

- 5 -

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC

Then, the very same CBPO J. Gomez mentioned above, who, according to the Complaint and sworn PC Statement to Magistrate Judge Burkhardt, had been conducting the primary inspection of Mr. Chavez on *April 27, 2017*, writes his own brief report. In his "Other Officer Report/Narrative Continuation," CBPO Gomez surprisingly writes, "On **04/28/16 at approximately 1732 hours**" he was performing primary inspection duties at the POE on lane 26 when Mr. Chavez drove up in the Camaro – not on *April 27, 2016*, as the *sworn* Complaint and PC Statement allege; but the following day, *April 28, 2016 at 5:32 pm*.

CBPO J. Gomez's report was reviewed and approved by a Reporting Officer, whose badge number has been redacted, and also an Approving Supervisor. These two officers approving the accuracy of the report did not type their name; they signed in an illegible fashion.

A separate "Other Officer/Narrative Continuation" report by CBPO G. Labidou states that two days later, "On *04/29/2016 at about 0030 hrs, while assigned to the vehicle <u>secondary area</u> at the San Ysidro P.O.E., I was assigned to seize additional packages that was* [sic] *discovered during secondary VRI on a <u>2005</u> Chevy Camaro L/P…."* (Emphasis added.) Significantly, CBPO G. Labidou documented the car as a "*2005 Camaro*," and not Mr. Chavez's 2010 Camaro.

From this "*2005 Chevy Camaro L/P*," 26.24 kilograms of cocaine was discovered in the "floor of the driver's side and the passenger's side." This cocaine

- 6 -

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC

was discovered after a different "K-9 alerted underneath the vehicle by the front passenger side." CBPO G. Labidou's report is dated 04/29/2016.

The "K-9" that alerted on the *2005 Camaro* was handled by CEO/CBP Officer Steven Jansen who also wrote his own "Incident Report" dated 04/29/2016. In his report, Officer Jansen documented that "On ***04/29/2016 at approximately 0005 hrs., while screening the VRI vehicles in the San Ysidro vehicle <u>secondary lot</u>, my NHDD*** [redacted] ***alerted and indicated to a Gray <u>2010</u> Chevy Camaro …. I then notified CBPO Pamplin of the alert.***" Officer Jansen's report, like CBPO Gomez's, is also approved for accuracy, this time by two different reviewing officers.

Thus, the limited discovery provided by the Government to date is inconsistent in content – two different Camaros with different amounts of cocaine in different locations of secret compartments, presumably driven by different drivers – and vague and entirely insufficient to: 1) provide Mr. Vasquez adequate notice of the charges against him; 2) to identify proper motions; 3) to begin an adequate investigation; and 4) to prepare a defense. The discovery examined above also shows an untrue Complaint and PC Statement filed under oath.

In the intentionally limited discovery, the Government also included texts and other apparent communications between Mr. Chavez and other individual(s), photographs of miscellaneous documents related to Mr. Chavez, and little else. It provided nothing indicative of the broad conspiracy argued at the detention hearing

- 7 -

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC

by the Government. No *Brady/Giglio* was provided, though it is now obvious that the Government has cooperating defendants and CIs *who are also material witnesses and participants* to the alleged crimes and must be revealed. *See, Roviaro v. United States*, 353 U.S. 53, 77, 60-61 (1957). No wiretap evidence, no wiretap applications, no search warrant affidavits, nor anything related to the alleged Chicago cases supposedly linked to his alleged conspiracy.

As such, Mr. Vasquez requests the Court dismiss the indictment as violating his right to a speedy trial and for lack of specificity, pursuant to Rule 12(b)(3)(A) and (B).

Mr. Vasquez also requests the Court order the Government to produce a bill of particulars so he may have specific information that will allow him to meaningfully enjoy his Speedy Trial right, to effectively prepare a defense, plead jeopardy in any later prosecution, and learn what facts were presented to the grand jury. Without a bill of particulars, even the Court is currently without the ability to determine whether the Government has sufficient evidence to prosecute Mr. Vasquez. *See, United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009)(an indictment is sufficient only when it "contains the elements of the charged crime in **adequate detail** to inform the defendant of the charge and to enable him to plead double jeopardy.")(Emphasis added.)

//

- 8 -

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC

## II.
## THE INDICTMENT MUST BE DISMISSED

Pursuant to Federal Rule of Criminal Procedure 12(b), a defendant may raise before trial "a motion alleging a defect in the indictment or information…." Rule 7(c) requires an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." An indictment must contain "sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.1992) (*citing Russell v. United States*, 369 U.S. 749, 763-64 (1962)).

In *Hamling v. United States*, 418 U.S. 87, 118 (1974), the Supreme Court clarified that the indictment must include the facts and circumstances needed to inform a defendant of the specific offense with which he is charged:

> Undoubtedly, the language of the statute may be used in the general description of an offence, but ***it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged***.

(Emphasis added).

The heavily redacted indictment in Mr. Vasquez's case lacks the legal requirement of specificity to inform him of the facts establishing the alleged violations of law, and even the specific violation of law alleged in the redacted count.

- 9 -

As discussed above, Mr. Vasquez is unable to initiate an effective investigation into the case because he is lacking any specific facts to guide his investigation. He is similarly precluded from being able to establish his own defense because he has not been informed of all the charges he is facing directly or indirectly through the conspiracy allegation, or the specific facts necessary to building his defense. The heavily redacted, factually and legally sparse indictment cannot stand without violating Mr. Vasquez's Fifth and Sixth Amendment rights.

For these reasons, the Court must dismiss the indictment.

## III.
## A BILL OF PARTICULARS IN THIS CASE IS NECESSARY

The Sixth Amendment to the United States Constitution guarantees a person facing criminal charges shall "be informed of the nature and cause of the accusation" against him or her. Such due process is a basic tenet of the Fifth Amendment's guarantee that no person "shall…be deprived of life, liberty, or property, without due process of law."

The Supreme Court has long held that due process requires a defendant be provided sufficient notice of the charges s/he is facing, and a reasonable opportunity to defend against those charges. *Powell v. Alabama*, 287 U.S. 45, 59, 69-73 (1932); *In re Oliver*, 333 U.S. 257, 273 (1948). The Court has also refined its rule by noting that "It is generally sufficient that an indictment set forth the offense in the words of

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC

the statute itself, ***as long as*** 'those words of themselves ***fully, directly, and expressly, without any uncertainty or ambiguity***, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974), emphasis added.

The sufficiency of an indictment is reviewed *de novo*. *United States v. Renteria*, 557 F.3d 1003, 1006 (9th Cir. 2009) and *United States v. Mancuso*, 718 F.3d 780 (9th Cir. 2013).

When an indictment fails to satisfy these basic due process requirements, a bill of particulars must be ordered. Fed. R. Crim. P. 7(f).

A bill of particulars is appropriate to inform a defendant about the conspiracy and other crimes charged. Information critical to a defendant's due process rights include what violations of law are being alleged, what specific factual allegations are being alleged to support the alleged violations of law, and all acts done in furtherance of a conspiracy.

This information is necessary for Mr. Vasquez to identify witnesses and develop his defenses. At this point, Mr. Vasquez and his counsel are hampered from pursuing any defenses because the indictment is devoid of any factual detail about his alleged involvement in any conspiracy, importation, or the other, redacted mystery offense.

- 11 -

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC

The production of broad discovery will not be sufficient to erode the need for a bill of particulars. Especially in a case like this, where Mr. Vasquez has made a discovery request already, and the Government has indicated it intends to produce only "limited, focused" discovery.

As such, Mr. Vasquez requests the following:

1. The specific violations of law with which he or any of his co-conspirators are being charged in this, or any related case, whether filed as a related case or not;

2. The exact dates, times, and specific locations for each alleged criminal offense, whether alleged as a substantive offense or not;

3. The specific acts, conduct, or method by which the alleged crimes were committed;

4. The specific quantities of drugs alleged to have been involved;

5. The identities of all co-conspirators in this or any related case, whether filed as related or not.

Without this information, the indictment is too vague to satisfy due process. As such, this Court should order the Government to file a bill of particulars.

## IV.
## THE GOVERNMENT MUST BE ORDERED TO PRODUCE MEANINGFUL DISCOVERY

Given that the discovery obligations imposed by law upon the Government are well known and constantly briefed in criminal cases, Mr. Vasquez asks for discovery pursuant to the Fifth and Sixth Amendments to the United States Constitution, Fed. R.

- 12 -

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
*U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC*

Crim. P., Rule 16, and specifically Rule 16(a)(1)(E)(i), as interpreted in *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183-84 (9th Cir. 2013)("broader than *Brady*…because [i]nformation that is not exculpatory or impeaching may still be relevant to developing a possible defense"); *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016)(evidence is material "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal."); *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013); *Kyles v. Whitley,* 514 US 419 (1995) and *Brady v. Maryland*, 373 U.S. 83 (1963). This includes all Fed, R. of Evid., Rule 801(d)(2)(E).

Mr. Vasquez requests this Court to order the Government to disclose, and in the case of tangible items, produce for inspection and copying, all evidence in its possession, custody or control, or through due diligence, it can get, which may be favorable to the issues of guilt or innocence ***or mitigation*** for sentencing, ***or which could lead to such material*** or favorable evidence. This includes all evidence relative to cooperating defendants and/or confidential informants or other human sources who had any part in the investigation into this case and/or the arrest and/or prosecution of Ms. Hernandez-Rodriguez.

This also includes all affidavits submitted for search warrants and for wiretap applications, all intercepted calls, video and visual surveillance reports, logs and

- 13 -

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC

communications between agents so involved.  This includes electronic or GPS/satellite trackers of suspects and or vehicles.

# V.
# MOTION TO FILE ADDITIONAL MOTIONS

At this time, Mr. Vasquez requests the opportunity to file additional motions as may be necessary once all discovery has been provided and reviewed.  This case is currently in pre-plea negotiations because of the exonerating evidence in this case.  At this stage in the case, the determination of additional motions necessary and critical to Mr. Vasquez's defense cannot effectively be made.

# CONCLUSION

For the foregoing reasons, Mr. Vasquez respectfully asks this Court to dismiss the indictment, or in the alternative, to order the Government to produce a bill of particulars and provide necessary discovery.

Dated: October 9, 2017							Respectfully submitted,

s/ *Ezekiel E. Cortez*
EZEKIEL E. CORTEZ

s/ *Joshi A. Valentine*
JOSHI A. VALENTINE
*Attorneys for Zachary Vasquez*

*Points & Authorities ISO Motions to Dismiss, for Bill of Particulars, and for Discovery*
U.S. v. Zachary Vasquez, Case No. 17CR0648-GPC