# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY VASQUEZ (2),<br><br>Defendant. | Case No.: 17CR0648-GPC<br><br>**JOINT MOTION FOR ENTRY OF ATTORNEY EYES ONLY PROTECTIVE ORDER AND ATTORNEY EYES ONLY PROTECTIVE ORDER** |

The parties, UNITED STATES OF AMERICA, by and through its counsel, Alana W. Robinson, Acting United States Attorney, and Lawrence A. Casper, Assistant United States Attorney, and Defendant Zachary Vasquez, in the above-captioned case ("defendant"), through counsel, hereby jointly move, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, for this Court to enter an "Attorney's Eyes Only" protective order. The parties agree as follows:

WHEREAS the Government must provide discovery to the defense pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83, 87 (1963); Giglio v. United States, 405 U.S. 150, 154 (1972); and the Jencks Act, 18 U.S.C. § 1600, (the "discovery obligations") and;

WHEREAS, there is good cause for this order based on the facts of this case, and;

WHEREAS, certain confidential discovery material ("CDM") contains documents and things covered by the Government's discovery obligations, including,

but possibly not limited to, statements by one or more witnesses, cooperating defendants, and confidential government sources regarding defendant in this case, and;

WHEREAS, one or more cooperating defendants, eyewitnesses, and government sources have expressed fear that release of their statements to defendant in this case would bring harm to themselves or their family members, and;

WHEREAS, the CDM will be disclosed to the defense counsel of record and the counsel's assistants ("the Defense") pursuant to this protective order to enable the Defense to evaluate their case and to prepare their defense.

IT IS HEREBY ORDERED that the Government shall disclose CDM to the Defense at the time required under the pertinent discovery obligation as follows:

(1) All CDM produced by the Government in this matter shall be designated Attorney Eyes Only ("AEO") and clearly marked on the face of the discovery. If the Defense disagrees with the Government's decision designating certain material as AEO, the Defense shall inform the Government in writing of the basis for its objection to the designation. If the Government does not then agree to withdraw the designation, the parties shall put the matter before the Court;

(2) The Defense shall not disclose the substance of any CDM received from the Government in the above-captioned matter, to any third party, unless such material is already a matter of public record, without prior approval of this Court;

(3) None of the CDM shall be shown to, discussed with, or disclosed in any other manner to any defendant, unless authorized by the Court in writing;

(4) At a reasonable time prior to a hearing or trial in this matter, if any defense counsel believes it is necessary to review CDM with his or her client, defense counsel shall meet and confer with Government counsel. Upon receipt of the Government's written agreement to release certain CDM from this order, defense counsel shall be permitted to disclose to his or her client that CDM. The disclosure shall occur only in the presence of counsel (including counsel's assistants and investigators) and no CDM shall be left with any defendant outside the presence of counsel. If the parties are unable to agree on the release of any CDM the parties shall submit written motions to the Court.

(5) The CDM may not be copied or further disseminated in any way to any other person or entity who is not part of the Defense.

(6) Nothing contained herein shall preclude the Government or the defendant, by and through, defendant's counsel, or counsel's respective assistants from conducting an investigation of the facts of this case on behalf of the Government or the defendant, or with respect to the Government and its assistants only, from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by said discovery materials, or from taking statements from witnesses disclosed by said discovery materials, or from asking said witnesses if they themselves have made prior statements to the Government that are disclosed in the discovery materials, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the Government or the defendant, by and through counsel, or counsel's respective assistants, obtain prior permission of this Court.

(7) Should counsel withdraw or be disqualified from participation in this case, any material received under the terms of this Order and any copies derived therefrom, shall be returned to the Government within ten (10) days. Likewise, at the conclusion of this matter, including any appeals, such materials shall be returned to the Government within ten (10) days.

(8) Finally, the parties agree that Defense counsel shall be required to communicate the substance of this order and explain it to their assistants before making any CDM available to their assistants.

Respectfully submitted,

ALANA W. ROBINSON
Acting United States Attorney

DATED: 11-1-17

Lawrence A. Casper
Assistant U.S. Attorney

DATED: 10-31-17

EZEKIEL E. CORTEZ
JOSHI A. VALENTINE
Attorneys for defendant
Zachary Vasquez

**SO ORDERED.**

DATED: _____

_____
HON. GONZALO P. CURIEL
United States District Court Judge